## REDMAN *vs.* THE STATE.

[INDICTMENT FOR HORSE-RACING IN A PUBLIC ROAD.]

1. *Horse-racing indictable and punishable as misdemeanor.*—Horse-racing in a public road, which is declared a misdemeanor by section 1180 of the Code, is an indictable offense, and punishable as a misdemeanor at common law, no punishment being prescribed by the statute.

APPEAL from the Circuit Court of Pike.
Tried before the Hon. ROBERT DOUGHERTY.

THE indictment in this case charged, " that R. A. Redman and John Hicks did unlawfully engage in a horse-race along a public road in said county." After conviction, the defendant Redman moved in arrest of judgment, on the ground that, " although the statute makes horse-racing along a public road a misdemeanor, it fails to provide any punishment therefor; and as it is a purely statutory offense, the statute alone can be looked to for the punishment of it." The court overruled the motion, and rendered judgment against the defendant for the amount of the fine assessed by the jury, together with the costs; to which the defendant excepted.

Carter v. The State.

PUGH & BULLOCK, for the appellant.

M. A. BALDWIN, Attorney-General, *contra*.

A. J. WALKER, C. J.—Section 1180 of the Code declares it to be a *misdemeanor* for any person to engage in any horse-race along or across any public road; and section 3074 expressly prescribes, that *misdemeanors* are, unless some other express provision is made by law, indictable offenses. The Code does not prescribe any punishment for the offense of horse-racing along or across the public road; and it is argued, that because no punishment is annexed to the offense, none can be inflicted upon the accused. We do not so understand the law. The authorities fully sustain the proposition, that where the statute prohibits an act, and declares it a misdemeanor, the offense is indictable, and punishable as a common-law misdemeanor.—Code, § 3301; 1 Bishop on Cr. L. § 349; 1 Archbold, 2.

The judgment of the court below is affirmed.